Robertson, Ch. J.
A motion to dismiss the complaint was made on the trial of this action, on behalf of the defendant. The only ground suggested for it was, that no cause of action had been proved. This, of course, would not include a variance between the cause alleged in the complaint and that proved, but embraced a failure to prove the plaintiff’s right to the proceeds of the stock alleged to have been sold to the defendant. That right would depend on the question of ownership of such stock, and if that were established to have belonged to Mrs. Deming, would involve the right of her husband to sell and transfer her claim to such proceeds to the plaintiff. The first question, therefore, to be disposed of is, whether there was any evidence of the ownership of such stock by the plaintiff's son. If not, and the stock was his wife’s property, was there any evidence of her authority to him to sell it or transfer the proceeds ?
The stock in question was procured from a Mr. Howell by the plaintiff’s son, in exchange for stock in a marble company (the Hydeville) belonging to Mrs. Deming, transferred under a power given by her to her husband to do so. Mrs. Deming testified that she authorized her husband to sell the Marble Company stock ; she did not know what he was going to do. with it, when she gave him such power of attorney to transfer *4 it, but gave it to him to use for his business purposes. He did not tell her then what he did with it, but did afterwards ; he told her he had got a loan upon it, and did not give her any of it, but used it in his business, for which she gave it to him. That she had no claim for this, and never pretended to have any. She did not testify to any other authority given by her to her husband to sell the Insurance Company stock, or assign any claim for the proceeds.
Egbert Deming (the husband) testified that after such acquisition of the Insurance Company stock, he told his wife he had made the transfer, and “got possession of the stock,” and that his wife purchased it of Mr. Howell. He admitted that he had stated on a former trial, that the Insurance Company stock belonged to his wife, and he believed so, and stated further that her interest had not changed since such trial. That stock stood in his name, until sold.
Undoubtedly, the authority from Mrs. Deming to njake the exchange of shares of stock was complete, but that did not make the Insurance Company stock the property of her husband. According to her testimony, her only authority to hiip was to use the power of attorney for his business purposes, and he did so by procuring the new stock in place of the old. He also seems to have borrowed money on it, with her sanction; but there is no evidence that he ever informed her of any sale to the defendant before the" commencement of this action, or that she ever authorized him to do any thing with such new stock. The stock was clearly hers, bought with her means, by her sanction, and if sold by her husband without her authority, was wrongfully converted by him ; and she alone had a right to the proceeds of the sale. His marital rights gave him no greater authority to dispose of' her property without her consent than the ordinary agent of one who was a stranger to such agent would have. If the rights of a married woman, when authorized by law to own and dispose of her property, •free from the control of her husband, are to be protected at all, she cannot be deprived of them by her husband, by any means short of those which would be required in the case of a stranger. *5 And on the other hand, third persons, dealing with either husband or wife, in regard to her property, are entitled to be protected against a double claim, The fact of the stock standing in the name of Deming (the son) would, perhaps, have excused the defendant^ if he had paid the proceeds to him ; but there is no evidence in the case of any authority from Mrs. Deming to sell her claim against the defendant, if any, to the plaintiff. It would seem, from the testimony of Deming, (the son) that she had, at some time, assigned her interest in such stock to the plaintiff, but that would not carry her right to the proceeds, (1 Comst. 522,) even if made before the commencement of this action, of which there is no evidence.
Whatever may, therefore, have been the right of Mrs. Deming to sue for the proceeds of the stock in question, there was no evidence that it ever passed to the plaintiff. Her disclaimer on the trial is of no avail”, as it was since suit brought. The complaint should have been dismissed for the failure of the plaintiff to prove the derivation of his title to the claim in controversy, through some duly authorized agent of Mrs. Deming.
The judgment should be reversed, and a new trial had, with costs to abide the event: